UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| PAUL MARAZZO,<br><br>        Plaintiff,<br><br>v.<br><br>AMERICAN FAMILY INSURANCE COMPANY,<br><br>        Defendant. | 3:16-CV-0252-LRH-WGC<br><br>ORDER |

Before the court is defendant American Family Insurance Company's ("American Family") supplement to its petition for removal (ECF No. 1). ECF No. 7.

Plaintiff Paul Marazzo ("Marazzo") initiated the present action against American Family by filing a complaint in state court. In response, on May 13, 2016, American Family removed the action to federal court on the basis of diversity jurisdiction. ECF No. 1.

On June 6, 2016, the court reviewed American Family's removal petition and held that it was not clear from Marazzo's complaint that the $75,000.00 amount in controversy had been met. ECF No. 6. Thus, the court granted American Family twenty (20) days to establish the amount in controversy sufficient to satisfy federal jurisdiction. *Id*. Thereafter, American Family filed the present supplement to its petition for removal. ECF No. 7.

In its supplement, American Family contends that the amount in controversy is met because, although Marazzo has only incurred approximately $24,000.00 in repair damages on his residential property, Marazzo has also requested attorneys' fees and punitive damages in his complaint. *See* ECF No. 7.

The court has reviewed American Family's supplement for removal and finds that American Family has not established that the amount in controversy has been met. Generally, the amount in controversy may be satisfied by all of a plaintiff's claims for damages, including attorney's fees and punitive damages. *See Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005). However, the mere possibility of attorneys' fees or a punitive damages award is not sufficient to prove that the amount in controversy has been met. In order to meet their burden for removal, a defendant must present evidence indicating the amount of punitive damages or attorneys' fees that the plaintiff seeks will, more likely than not, exceed the amount needed to increase the amount in controversy to $75,000. *See McCaa v. Massachusetts Mutual Life Insurance Company*, 330 F. Supp. 2d 1143, 1149 (D. Nev. 2004); *see also, Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992).

Here, American Family has failed to provide the court with sufficient evidence to establish that the amount in controversy will be exceeded by any attorneys' fees or punitive damages award in this action. Further, American Family has not shown that an award of attorneys' fees or punitive damages are supportable remedies in this action, nor has American Family established that any such awards, if awarded, are more likely than not to exceed $51,000 (the amount necessary to surpass the $75,000 amount in controversy requirement). Thus, the court finds that American Family has failed to meet its burden to prove that the amount in controversy has been met in this action. Accordingly, this matter shall be remanded to state court for lack of jurisdiction.

IT IS THEREFORE ORDERED that the present action, case no. 3:16-cv-0252-LRH-WGC, is REMANDED to the Second Judicial District Court for Washoe County, Nevada.

IT IS SO ORDERED.

DATED this 13th day of July, 2016.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE